IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE R. GONZALES, doing business as
BUILD RIGHT CONSTRUCTION,

    Plaintiff/Counter-Defendant,

v.   No. 2:23-cv-1071 GJF/KRS

JULIANNE MCCABE,

    Defendant/Counter-Plaintiff.

### ORDER GRANTING MOTION TO EXTEND REBUTTAL EXPERT DEADLINE

THIS MATTER is before the Court on Defendant's Motion to Modify Scheduling Order, (Doc. 37), filed June 27, 2024. Plaintiff filed a response to the Motion on July 11, 2024, and Defendant filed a reply on July 25, 2024. (Docs. 45, 59). Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion to Modify Scheduling Order.

**I.**    **Background**

This case arises from a construction-related dispute where Defendant hired Plaintiff to construct a residence and a casita on Defendant's property. *See* (Doc. 14) at 3. Plaintiff alleges that Defendant breached the contracts by failing to pay Defendant amounts due. (Doc. 1). Defendant brings counter claims against Plaintiff for breach of contract and breach of the duty of good faith and fair dealing, alleging that Plaintiff failed to construct the residence in accordance with the parties' agreement—such as locating and orienting the residence contrary to construction drawings. (Doc. 5).

In her Motion to Modify Scheduling Order, Defendant asks the Court to extend her deadline to disclose an expert rebuttal report. On February 15, 2024, the Court entered a Scheduling Order setting deadlines of May 5, 2024 for affirmative experts and June 28, 2024 for rebuttal experts.

(Doc. 16).  On May 3, 2024, Plaintiff disclosed an expert report from Victor J. Chavez, P.E., regarding Mr. Chavez' understanding of where existing water and gas lines were located on the property, and that the water authority refused to move the water line without instructions from the property owner.  (Doc. 37) at 3.  Defendant states that in this report, "Mr. Chavez simply accepted as true Gonzales' representations regarding measurements Gonzales purportedly took of the property and the precise location of the referenced water line without independent verification."  *Id.* at 3-4.  Defendant states she was required to retain a surveying professional "[t]o test, and potentially rebut, these opinions" by determining "the actual dimensions of the property and Residence, and the precise location of the referenced water line."  *Id.* at 4.  Defendant states she was diligent in her efforts to find a rebuttal expert but was delayed due to high demand and short supply for surveying services in New Mexico.  *Id.*  Defendant has engaged a surveyor who will have a report completed no later than July 19, 2024, so Defendant asks to extend the June 28, 2024 rebuttal expert deadline to July 19, 2024.  *Id.*  Defendant states she has no objection to extending other pre-trial deadlines to complete discovery in light of this requested extension.  *Id.* at 4-5.

Plaintiff asks the Court to deny Defendant's Motion because Defendant was not diligent in meeting her rebuttal expert deadline and has not provided good cause for an extension.  (Doc. 45) at 3-4.  Plaintiff argues that Defendant's expert report should have been disclosed as an affirmative report because Defendant has been aware of Plaintiff's affirmative defenses regarding the residence since his answer to Defendant's counter claims was filed on December 28, 2023.  *Id.* at 5.  In other words, because Plaintiff raised issues regarding the orientation of the residence in his answer to Defendant's counter claims, Plaintiff contends Defendant should have known she needed a surveyor as an expert.  *Id.*  Plaintiff also argues that Defendant should not have waited until one day before the rebuttal deadline to file her motion for extension.  *Id.*  Finally, Plaintiff states that extension of the parties' deadlines will prejudice Plaintiff because there would be little time to take the rebuttal

expert's deposition and the proposed extended deadlines would be too close to the trial that is set for January 21, 2025.  *Id*. at 6-7.  Plaintiff also states that if the Court grants Defendant's Motion, the rebuttal expert should be limited to only providing testimony regarding Mr. Chavez' report and should not be allowed to provide any other opinions.  *Id*. at 8.

In reply, Defendant disputes that her rebuttal expert should have been disclosed as an affirmative expert.  (Doc. 59) at 2-3.  One of the issues in this case is whether Plaintiff breached the contract by locating and orienting the residence contrary to the construction drawings, and Plaintiff has asserted that the location and orientation of the residence was "frustrated due to factors that include" the proximity of the residence to a bluff and existing utility lines.  *Id*.  Defendant contends that Plaintiff bears the burden of proving this defense, so he is the one with the burden to provide an affirmative expert on this issue.  *Id*. at 3.  Because Defendant's expert is offered to rebut or contradict Plaintiff's expert's report, Defendant was not required to disclose her expert as an affirmative expert, regardless of her knowledge of Plaintiff's affirmative defenses.  *Id*.  Defendant further argues that a three-week extension will not prejudice Plaintiff as Defendant has agreed to make the expert available for deposition and because the parties have recently agreed to extend their pretrial deadlines to reset depositions.  *Id*. at 4-5.  Finally, Defendant states that she acted diligently in retaining her expert witness by contacting three other surveyors who were unable to take on the engagement, and Defendant did not think that Plaintiff would object to the three-week extension so she did not file the motion earlier.  *Id*. at 5-6.  Defendant also confirms that her rebuttal report "is solely intended to rebut the opinions of Gonzales' expert."  *Id*. at 6.

**II.     Discussion**

Modification of the Court's scheduling order deadlines "requires a showing of good cause and Court approval."  D.N.M. LR-Civ. 16.1; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad

discretion."). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). Although the Court has broad discretion in managing the pretrial schedule, the Tenth Circuit has cautioned that "a scheduling order can have an outcome-determinative effect on the case[.]" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (citations and quotation omitted). As a result, strict enforcement that results in the exclusion of evidence is a "drastic sanction and total inflexibility is undesirable." *Id.* Accordingly, the Court should consider four factors in its exercise of discretion: (1) "prejudice or surprise" to the non-movant; (2) the non-movant's ability to cure the prejudice; (3) the disruption to the order and efficiency of trial of the case or other cases; and (4) the movant's scienter. *Id.*

The Court first considers Plaintiff's argument that Defendant should have disclosed her expert as an affirmative, instead of rebuttal, expert. As Defendant notes, one of the issues in this case is whether Plaintiff breached the contract by locating and orienting the residence contrary to the construction drawings, and one of Plaintiff's asserted defenses to Defendant's counter claims is that the location and orientation of the residence was "frustrated due to factors that include" the proximity of the residence to a bluff and existing utility lines. (Doc. 10) at 3. Defendant is correct that Plaintiff bears the burden of proving his affirmative defenses. *See Otero v. Buslee*, 695 F.2d 1244, 1248-49 (10th Cir. 1982). Accordingly, since Defendant offers her expert solely to rebut Plaintiff's expert's report on this issue, Defendant was not required to disclose her expert as an affirmative expert regardless of her earlier knowledge of Plaintiff's affirmative defenses. *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) ("[W]here the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal.").

Next, the Court considers the four factors in its exercise of discretion of whether to allow an extension of the rebuttal report deadline. Regarding the first and second factors, the Court finds there is little prejudice or surprise to Plaintiff, and that Plaintiff is able to cure any prejudice, because the requested extension is short and the parties have already agreed to extend their pretrial deadlines. *See* (Doc. 64) (granting joint motion to modify scheduling order and extend the discovery deadline to August 23, 2024). Consequently, Plaintiff has ample time to take the rebuttal expert's deposition, which the parties have agreed to schedule pending the outcome of this Motion. The Court also finds no disruption to the order and efficiency of this case since the rebuttal report was produced on July 19, 2024 and Plaintiff is able to take the expert's deposition before the close of discovery. The Court further finds that Defendant was sufficiently diligent in retaining the rebuttal expert and adequately explained the delay was due to three other experts being unable to take on the assignment. Additionally, Defendant has confirmed that the rebuttal expert is offered solely to rebut the opinions of Plaintiff's expert. Therefore, the Court finds that the four factors weigh in favor of granting the extension.

IT IS THEREFORE ORDERED, for the reasons stated above, that Defendant's Motion to Modify Scheduling Order, (Doc. 37), is GRANTED and the rebuttal expert deadline is extended nunc pro tunc to July 19, 2024.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE