**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JOE R. GONZALES
d/b/a BUILD RIGHT CONSTRUCTION,

       Plaintiff/Counter-Defendant,

v.                                                                  Civ. No. 2:23-1071 GJF/KRS

JULIANNE McCABE,

       Defendant/Counter-Plaintiff.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER is before the Court on Defendant/Counter-Plaintiff Julianne McCabe's ("Defendant") Motion to Strike Response in Opposition to Motion for Summary Judgment (the "Motion"). ECF 86. The Motion is fully briefed. *See* ECFs 86, 92, 94. Having thoroughly considered the filings, the record evidence, and the relevant law, the Court concludes that Defendant's Motion is well-taken. Thus, for the reasons explained below, Defendant's Motion is **GRANTED**.  In it discretion, the Court will authorize Plaintiff until December 13, 2024, to file a response that conforms with Local Rule 10.5 as discussed herein.

## I.    BACKGROUND

In early 2023, Defendant hired Joe R. Gonzales and his construction business, Build Right Construction (together "Plaintiff") to construct a home in Socorro, New Mexico. ECF 1 at 6 ¶¶ 7–8. The parties' relationship deteriorated before Plaintiff completed the home. *See generally id.* at 6–8 ¶¶ 7–25 (Plaintiff's allegations in his Complaint); ECF 5 at 4–11 ¶¶ 5–53 (Defendant's allegations in her Counterclaim).

Plaintiff filed his Complaint in state court on September 22, 2023, alleging *inter alia* that Defendant breached the relevant contracts by failing to pay. ECF 1 at 5. Defendant timely removed

the case to federal court [ECF 1] and later counterclaimed, alleging that Plaintiff breached the contracts by failing to construct the home in accordance with the contracts' terms, terminated the contracts without cause, and breached the duty of good faith and fair dealing. ECF 5 at 11–13 ¶¶ 54–68.

On October 18, 2024, Defendant moved for summary judgment on the breach of contract claims and the mechanic's lien foreclosure claim. ECF 76. Defendant attached fifty exhibit pages to her motion. *Id.* In his response, however, Plaintiff attached *eighty-nine* exhibit pages (the "original exhibits"). ECF 80. Local Rule 10.5 limits exhibits in support of any motion, response, or reply to fifty pages, with some exceptions. *See* D.N.M.LR-Civ. 10.5. Apparently realizing his mistake, Plaintiff filed an Errata Notice along with fifty PDF pages of exhibits (the "revised exhibits"). ECF 82. The revised exhibits – and their unusual configuration – are the subject of the present Motion. *See* ECF 86.

In an effort to comply with Local Rule 10.5, Plaintiff condensed the original exhibits, meaning that he took full pages from the original exhibits and shrunk them to fit either two or four original exhibit pages into one revised exhibit page. For example, Exhibit 2 of the original exhibits is a six-page letter that used up six exhibit pages [ECF 80-2], whereas Exhibit 2 of the revised exhibits is the same letter squeezed onto two PDF pages [ECF 82-2]. The original and revised exhibits are nearly identical; they differ only in how much information each PDF page contains. *Compare* ECF 80-1–80-26, *with* ECF 82-1–82-26.

Through counsel, Defendant informed Plaintiff that the revised exhibits violate Local Rule 10.5. ECF 86 at 6. Defendant gave Plaintiff two days to refile his response. *Id.* On November 8, 2024, Plaintiff declined to refile, asserting that the revised exhibits comply with Local Rule 10.5

and indicating that Plaintiff would oppose any motion to strike the revised exhibits as improper. *Id.* at 5.

Defendant filed the present Motion to Strike on November 12, 2024. ECF 86. At a status conference the following day, the Court ordered the parties to expedite their briefing on the Motion. ECF 88. Defendant responded to the Motion on November 22, 2024 [ECF 92], and Plaintiff replied in support of the Motion on November 25, 2024 [ECF 94].

## II.  APPLICABLE LAW

### A.  Motions to Strike a Pleading

"The Court has a duty to ensure that civil actions are resolved not only fairly, but also without undue cost or delay." *Lowery v. Sandoval Cnty. Children, Youth and Families Dep't*, No. 22-cv-565 DHU/LF, 2023 WL 2499716, at *1 (D.N.M. Mar. 14, 2023) (citing Fed. R. Civ. P. 1). Implied in this duty are "certain inherent powers, not conferred by rule or statute, to manage [the Court's] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (internal quotations omitted); *see also Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002). To expeditiously dispose of cases, the Court may strike briefs that fail to comply with the Local Rules. *See Yasis v. N.M. Jud. Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (citing *In re Hopkins*, No. 98-1186, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998)).

## III.  PARTIES' PRIMARY ARGUMENTS

The parties disagree over the meaning of a "page" and offer competing interpretations of Local Rule 10.5. Defendant interprets Local Rule 10.5 as counting each *exhibit page* towards the fifty-page limit regardless of how many exhibit pages are condensed within each PDF page. ECF

86. Defendant insists that Plaintiff sought to circumvent the Local Rules by condensing exhibit pages. *Id.* at 2–3.

For his part, Plaintiff interprets Local Rule 10.5 as counting each *PDF page* towards the fifty-page limit regardless of how many exhibit pages are condensed thereon. ECF 92. Plaintiff contends that the caselaw cited by Defendant does not apply to the Motion.[1] *Id.* at 3–5. Finally, Plaintiff argues that, even if he violated Local Rule 10.5, justice requires that the Court deny Defendant's Motion. *Id.* at 6–7.

In reply, Defendant emphasizes that Plaintiff's interpretation of Local Rule 10.5 would render the page limit meaningless, and that Local Rule 10.5 unambiguously prevents Plaintiff from condensing pages. ECF 94.

## IV. ANALYSIS

This Opinion proceeds in two parts. First, the Court uses canons of interpretation to explain why Local Rule 10.5 does not allow condensed exhibit pages to count as one page, except for condensed deposition transcripts. Second, the Court explains why justice does not require that the Court deny the Motion.

### A. The Court grants Defendant's Motion because Local Rule 10.5 does not allow Plaintiff to condense pages other than deposition transcripts.

---

[1] The parties devote much of their briefing to citing and differentiating case law. *See* ECF 86 at 2–3; ECF 92 at 3–6; ECF 94 at 2–3. The cited cases tend to support Defendant's position that "[c]ourts in this district have strongly criticized attempts to circumvent procedural rules, including those setting forth page limitations." ECF 86 at 2. Plaintiff correctly identifies, however, that the cited cases address different factual scenarios, such as a pro se plaintiff who routinely violated Local Rules, *see Drevaleva v. U.S. Dep't of Veterans Affs.*, No. 21-CV-761 WJ/JFR, 2021 WL 4168600 (D.N.M. Sept. 14, 2021), a statement of material facts attached as an exhibit, *see EEOC v. ARG Enters.*, No. 07-CV-301 WJ/ACT, 2008 WL 11450498 (D.N.M. Dec. 12, 2008), and piecemeal motions that, when combined, violate page limits, *see Vera v. Rodriguez*, No. 16-CV-491 SCY/KBM, 2017 WL 6621048 (D.N.M. Dec. 27, 2017); *United States v. McCluskey*, No. 10-CR-2734 JCH, 2013 WL 12330014 (D.N.M. June 7, 2013). The parties having not provided, and the Court having not found, factually on-point cases, the Court relies heavily on methods of statutory interpretation to resolve this dispute.

The Court begins with the text of Local Rule 10.5. In this section, the Court will explain why "page" is an ambiguous term within the meaning of Local Rule 10.5 before analyzing two canons of interpretation and the purpose of the Local Rules to interpret Local Rule 10.5.

When interpreting a Local Rule, Courts begin by giving effect to the plain meaning of clear and unambiguous terms. *See United States v. Collins*, 859 F.3d 1207, 1213 (10th Cir. 2017); *Bostock v. Clayton Cnty.*, 590 U.S. 644, 674 (2020) ("when the meaning . . . is plain, our job is at an end"); *see generally Garcia v. McCauley*, No. 12-cv-265 MV/KBM, 2015 WL 12851233, at *2–3 (D.N.M. Mar. 25, 2015) (discussing the plain meaning of a Local Rule). Courts use dictionaries to determine a term's plain meaning, potentially resolving any ambiguity. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566–67 (2012). A term is ambiguous if reasonably well-informed people can understand the term to have two different meanings. *In re Kinney*, 5 F.4th 1136, 1140 (10th Cir. 2021); *United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002). If a Local Rule contains an ambiguous term, courts use canons of interpretation and the purpose of the Local Rules to derive its meaning. *See Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1381 (10th Cir. 2009); *EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Bus. Guides v. Chromatic Commc'ns. Enters., Inc.*, 498 U.S. 533, 540–41 (1991)); *Heegel v. Nev. Prop. 1 LLC*, No. 20-cv-01 CDS/BNW, 2022 WL 3229186, at *1 (D. Nev. Aug. 10, 2022); *Garcia*, 2015 WL 12851233, at *2 (stating that courts must interpret Local Rules in accordance with their purpose).

According to one canon, the inclusion of one item from a commonly associated category implies the intentional exclusion of other items from that category, absent evidence to the

contrary.[2] *See Bittner v. United States*, 598 U.S. 85, 94 (2023) (inclusion of penalties for *willful* violations implied intentional exclusion of penalties for *non-willful* violations); *Elwell v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 693 F.3d 1303, 1309–10 (10th Cir. 2012) (inclusion of employment discrimination claims in Title I, but not in Title II, implied an intentional exclusion of such claims from Title II); *Heegel*, 2022 WL 3229186, at *1 ("While the Local Rules are not statutes, a common principle of statutory [interpretation] dictates that the incorporation of one statutory provision [into a Local Rule] to the exclusion of another must be presumed intentional."). *But see Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381–82 (2013) (a statute permitting attorney's fees for actions brought in bad faith or to harass did not imply intentional exclusion of other bases for attorney's fees because courts have inherent power to award fees); *Ron Peterson Firearms, LLC v. Jones*, 760 F.3d 1147, 1157–58 (10th Cir. 2014) (a statute requiring reporting of multiple pistol or revolver sales did not impliedly prohibit the ATF from seeking information on sales of other types of firearms).

According to another canon, courts should give meaning to all clauses and words, avoiding interpretations that make any clause or word superfluous. *See Bradford v. U.S. Dep't of Lab.*, 101 F.4th 707, 720 (10th Cir. 2024) (quoting *Rubin v. Islamic Republic of Iran*, 583 U.S. 202, 213 (2018)); *Williams v. Taylor*, 529 U.S. 362, 404 (2000).

In an example that illustrates both canons, Chief Justice Roberts wrote, "[i]f a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." *SW Gen. Health*, 580 U.S. at 302. *But see Marx*, 568 U.S. at 381 ("the canon can be overcome by

---

[2] This canon of statutory interpretation is known as *expressio unius est exclusio alterius*, which means that the inclusion of one implies an intentional exclusion of others. *See generally NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302–05 (2017). For clarity's sake, the Court will refer to this canon in English terms for the remainder of this Opinion.

contrary indications that adopting a particular rule or statute was probably not meant to signal any exclusion") (internal quotations omitted). Thus, by including the giraffe, the drafters of the signs considered and intentionally omitted the other zoo animals. *See SW Gen. Health*, 580 U.S. at 302. Additionally, a reasonable zoo-goer will infer that the giraffe is not well enough to be on display because information that an animal is sick but still well enough to be on display is superfluous to the average zoo-goer. *See Williams*, 529 U.S. at 404.

    1.  <u>Local Rule 10.5 is ambiguous because reasonably well-informed people can understand "page" to have two different meanings.</u>

The District Judges of the District of New Mexico drafted and enacted Local Rule 10.5, which states:

> **Page Limit for Exhibits.** All exhibits to a motion, response or reply, including excerpts from a deposition, must not exceed a total of fifty (50) pages, unless all parties agree otherwise. If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7. A party may file only those pages of an exhibit which are to be brought to the Court's attention. A page from a condensed deposition transcript (containing four pages of testimony) will be considered one page for purposes of this rule.

D.N.M.LR-Civ. 10.5. The Local Rules do not define page. D.N.M.LR-Civ. 1.5 Dictionaries, however, define page as "one of the leaves of a publication or manuscript," *Page*, Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/page, "the material printed or written on a page," *id.*, or "one side of a leaf of a book, newspaper, letter, etc.," *Page*, Collins American English Dictionary, https://www.collinsdictionary.com/us/dictionary/english/page. These definitions can support either party's interpretation because they do not address whether pages cease to be pages when condensed. Thus, the Court finds that reasonably well-informed people can understand page to have two different meanings in this context. *See in re Kinney*, 5 F.4th at 1140. The plain meaning of the text does not clarify the ambiguity within Local Rule 10.5; therefore, the Court turns to canons of interpretation and the purpose of the Local Rules.

2. <u>District Judges intentionally banned litigants from condensing other forms of evidence because they expressly allowed litigants to condense deposition transcripts.</u>

Local Rule 10.5 contains three exceptions. *See* D.N.M.LR-Civ. 10.5. The third exception, which guides the Court's analysis, provides that "[a] page from a condensed deposition transcript (containing four pages of testimony) will be considered one page for purposes of this rule." *Id.* The District Judges included one item – deposition transcripts – from a commonly associated category – types of evidence that may be attached as an exhibit. Thus, by allowing litigants to count multiple condensed deposition transcript pages as one page, the District Judges intentionally but implicitly prohibited litigants from counting multiple condensed pages of any other type of evidence as one page. *See Bittner*, 598 U.S. at 94; *Elwell*, 693 F.3d at 1309–10; *Marx*, 568 U.S. at 381–82; *Jones*, 760 F.3d at 1157–58. Moreover, like the Chief Justice's zoo signs, which imply that the giraffe – and only the giraffe – is sick, the condensed deposition transcript exception implies that deposition transcripts – and only deposition transcripts – count as one page once condensed. *See SW Gen. Health*, 580 U.S. at 302. Accordingly, the Court concludes that the District Judges intentionally omitted from Local Rule 10.5's third exception all evidence other than deposition transcripts.

3. <u>The Court cannot adopt Plaintiff's interpretation of Local Rule 10.5 because it would make superfluous the condensed deposition transcript exception.</u>

Plaintiff alleges that "Local Rule 10.5 explicitly limits exhibits to a total of fifty [] pages but does not address the number of images permitted per page (with the exception of the rule's express allowance of consolidated deposition transcripts, four to a page)." ECF 92 at 3. Plaintiff's interpretation would essentially rewrite the third exception to read, "[a] page from a condensed deposition transcript*, or from any other type of evidence,* (containing four pages of testimony) will be considered one page for purposes of this rule." Plaintiff's interpretation would render

superfluous the condensed deposition transcript exception because Plaintiff's interpretation would apply to *all* evidence, including deposition transcripts. *See Bradford*, 101 F.4th at 720; *Williams*, 529 U.S. at 404.    Accordingly, the Court finds that this canon does not support Plaintiff's interpretation of Local Rule 10.5.

> 4.    <u>The Court cannot adopt Plaintiff's interpretation of Local Rule 10.5 because it would subvert the purpose of the Local Rules.</u>

Local rules include page limits to aid judicial efficiency. *See Pittman v. Fox*, 766 F. App'x 705, 714–15 (10th Cir. 2019) (internal citation omitted); *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (internal citation omitted); *Weilert v. Health Midwest Dev. Grp.*, 95 F. Supp. 2d 1190, 1192 (D. Kan. 2000); *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012). Accordingly, judicial efficiency requires the Court to prevent litigants from attaching an excessive number of exhibit pages to a brief. *See* D.N.M.LR-Civ. 10.5.

Plaintiff argues that Local Rule 10.5 "does not address the number of images permitted per page." ECF 92 at 3. Plaintiff could contend that he did not *substantially* burden judicial efficiency because he condensed no more than four exhibit pages onto one PDF page to squeeze eighty-nine exhibit pages onto fifty PDF pages. ECF 82. Plaintiff's interpretation of Local Rule 10.5, however, does not have a limiting principle.    By way of example, Plaintiff could have condensed sixteen exhibit pages onto one PDF page and thereby fit eight-hundred exhibit pages onto fifty PDF pages. *See* ECF 92 at 3. The only limiting principle in Plaintiff's interpretation is that, at a certain point, so many exhibit pages condensed onto one PDF page lose their ability to inform the Court of the facts underlying a litigant's contentions. In the world of electronic filing and high-resolution images, only the capacity of ever progressing digital technology would limit the number of exhibit

pages that a litigant could submit.[3] The Court cannot adopt Plaintiff's interpretation without frustrating Local Rule 10.5's purpose of aiding judicial efficiency.

### B. The Court grants Defendant's Motion because justice does not require overlooking Plaintiff's obligation to comply with Local Rule 10.5.

Plaintiff argues that, even if the revised exhibits violate Local Rule 10.5, "justice undoubtedly requires" that the Court deny Defendant's Motion and excuse Plaintiff's obligation to comply with Local Rule 10.5, pursuant to Local Rule 1.7. ECF 92 at 6–7. According to Plaintiff, Defendant erroneously listed in her motion for summary judgment disputed material facts as undisputed, which required Plaintiff to devote much of his response brief to factual issues. *See id.* For her part, Defendant notes that Plaintiff's argument would all but exempt summary judgment briefs from Local Rule 10.5 because parties will always have to devote space to address factual issues. ECF 94 at 2–3.

Plaintiff directs the Court to Judge Wormuth's opinion in *Warner v. Village of Ruidoso*, No. 12-CV-627 MCA/GBW, 2016 U.S. Dist. LEXIS 192086 (D.N.M. Feb. 11, 2016). In *Warner*, the plaintiff alleged that the defendants violated Local Rule 10.5 by attaching ninety-two pages of exhibits to their motion for a protective order. *Id.* at *4. Judge Wormuth noted that the Local Rule 37.1 required parties seeking protective orders to attach to their motion a copy of the discovery requests to which they object. *Id.* at *4–5 (citing D.N.M.LR-Civ. 37.1). All ninety-two of the defendants' exhibit pages consisted of discovery requests to which they objected. *Id.* at *5. Judge Wormuth further noted that the Local Rules do not specifically require that a party seeking a protective order comply with the exhibit page limits in Local Rule 10.5. *See id.* Thus, Judge Wormuth reasoned that the defendants did not violate Local Rule 10.5 by submitting more than

---

[3] *See generally* Piers Zoew, *How to Merge Two or Multiple PDF Pages into One Page*, PDFgear (Oct. 24, 2024), https://www.pdfgear.com/pdf-editor-reader/merge-two-pdf-pages-in-one-page.htm.

fifty pages of exhibits, and, even if they did violate Local Rule 10.5, justice required a waiver to allow the defendants to meet their separate obligation to comply with Local Rule 37.1. *See id.*

The exhibits in *Warner* differ from the revised exhibits here. *See id.* In *Warner*, a separate Local Rule *required* the defendants to file more than fifty exhibit pages. *See id.* (citing D.N.M.LR-Civ. 37.1). Here, even if Defendant listed disputed material facts as undisputed, Plaintiff had no *requirement* to exceed fifty exhibit pages. Plaintiff correctly states that he had a requirement to abide by Federal Rule 56 by citing to exhibits that support his factual assertions [ECF 92 at 6–7], but no Federal or Local Rule prevented Plaintiff from doing so within fifty exhibit pages. Accordingly, justice does not require the Court to waive Local Rule 10.5 and deny Defendant's Motion. *See id.*

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Response in Opposition to Motion for Summary Judgment [ECF 86] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's Motion for Summary Judgment [ECF 76] that complies with Local Rule 10.5 by December 13, 2024.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
***Presiding by Consent***